**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **LISA BAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| | ) | **FILE NO: 1:21-cv-04186-MLB** |
| **v.** | ) | |
| | ) | |
| **CITY OF ATLANTA,** | ) | |
| **OFFICER AMANDA** | ) | |
| **WORTHAM,** | ) | |
| in her individual capacity, | ) | |
| and | ) | |
| **OFFICER JOHN DOE,** | ) | |
| in his individual capacity, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## CITY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED BRIEF IN SUPPORT

**COME NOW**, Defendants City of Atlanta ("Defendant City" or "City")and

Officer Amanda Wortham ("Defendant Wortham"), (hereinafter, collectively, "City

Defendants"), by and through the undersigned counsel, and file this Motion to

Dismiss and Incorporated Brief pursuant to Federal Rules of Civil Procedure

12(b)(6). For the reasons stated within, City Defendants respectfully request that

this Court dismiss Plaintiff's Complaint for Damages for failure to state a claim upon

1

which relief may be granted.

## I. <u>STATEMENT OF FACTS</u>

Plaintiff alleges that on January 6, 2021, she was a member of a small group of people participating in a candlelight vigil in honor of Jacob Blake.[1] "Around 9:00 P.M.," the same group "decided to march up a nearby street," as protestors.[2] During the course of this roadway protest, Atlanta Police Officers ordered the group to disperse.[3]

Plaintiff was arrested and charged with violating City of Atlanta Ordinance 150-266, Obstructing Traffic.[4] On March 3, 2021, the Municipal Court of Atlanta dismissed the case against Plaintiff based upon the prosecutor's motion of nolle prosequi.[5] Plaintiff alleges in her Complaint that she was arrested for expressing her First Amendment rights and that Plaintiff was not violating any laws at the time of her arrest.[6] Plaintiff further alleges that she suffered "economic and noneconomic loses…in an amount to be proven at trial."[7]

---

[1] *Complaint* at ¶ 12.
[2] *Id.* at ¶ 13.
[3] *Id.* at ¶14.
[4] *Id.* at ¶ 17.
[5] *Id* at ¶ 18.
[6] *Id.* at ¶ 16.
[7] *Id.* at ¶ 55.

## II. <u>ARGUMENT AND CITATIONS OF AUTHORITY</u>

### A. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted and no construction of the factual allegations will support the cause of action.[8] When evaluating a motion to dismiss, courts apply the *Twombly/Iqbal* plausibility standard.[9] The plausibility standard requires the court to accept Plaintiff's allegations as true and construe the complaint in [Plaintiff's] favor.[10] While a court is required to accept as true the complaint's factual assertions, it is not bound to accept as true a legal conclusion couched as a factual allegation.[11] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[8] Fed. R. Civ. P. 12(b)(6); *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

[9] *See, Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam).

[10] *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993); *Tapsoba v. Khiani Alpharetta, LLC*, 2013 WL 4855255, at *1 (N.D. Ga. Sept. 11, 2013); *See also, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [his] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (second alteration in original) (citations and internal marks omitted).

[11] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

statements, do not suffice."[12]

In evaluating the sufficiency of [P]laintiff's pleadings, courts make reasonable inferences in [P]laintiff's favor, "but [they] are not required to draw [P]laintiff's inference."[13] While a motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint[14] —and not the merits—a court may "dismiss a complaint on a dispositive issue of law."[15]

## B. PLAINTIFF'S CLAIMS AGAINST THE CITY OF ATLANTA MUST BE DISMISSED

To impose § 1983 liability on a municipality, a plaintiff must show: (1) that his [or her] constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.[16] "A municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional

---

[12] *Id.*

[13] *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).

[14] *Wein v. American Huts, Inc.,* 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (*citing Milburn v. United States,* 734 F.2d 762, 765 (11th Cir. 1984)).

[15] *Bernard v. Calejo,* 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (*citing Marshall County Board of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) *see also Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006) (same); *Aque v. Home Depot U.S.A., Inc.,* 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

[16] *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004); *see also City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

violation'."[17] Where it is claimed that an employee was encouraged to act unlawfully by his or her recognition that the municipality would not act to stop such conduct, it must be shown that the municipality continued to adhere to an approach that it knew or should have known had failed to prevent tortious conduct in the past and was likely to result in such conduct in the future.[18] The municipality must have acted with deliberate indifference to the known or obvious consequences.[19] Here, Plaintiff has not satisfied this standard as to the municipal Defendant City of Atlanta.

In *Monell v. New York City Department of Social Services*, the Supreme Court of the United States held that "municipalities and other local governmental bodies are 'persons' within the meaning of § 1983."[20] The Supreme Court has "required a plaintiff seeking to impose liability on a municipality under §1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."[21] Subsequent Supreme Court cases have added a "practice" component to the required elements of a *Monell* claim.[22] Therefore, municipal liability under *Monell* requires a showing

---

[17] *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (*quoting City of Canton,* 489 U.S. at 388-89).

[18] *Id.* at 407.

[19] *Id.*

[20] *Monell v. New York City Department of Social Services*, 436 U.S. 658, 689 (1978).

[21] *Bd. of the Cnty. Commissioners of Bryan Cnty, Okla. v. Brown,* 520 U.S. 397, 404 (1997).

[22] *Canton v. Harris*, 489 U.S. 378, 390 (1989).

that a policy, practice, or custom of the municipality caused Plaintiff's alleged injury.[23]

In order to demonstrate the threshold requirement for Monell liability on the basis of a *municipal policy*, the Plaintiff must demonstrate that the alleged injury resulted from the decisions of the municipality's duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality.[24] To establish the threshold requirement for Monell Liability on the basis of a *municipal custom*, Plaintiff must demonstrate that "an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker … is so widespread as to have the force of law."[25] Finally, to establish the threshold requirement for Monell Liability on the basis of a *municipal practice*, the Plaintiff must demonstrate that the municipality engaged in the persistent practice of unconstitutional deprivation.[26]

In this case, Plaintiff asserts the standard for Monell Liability and makes allegations that her individual constitutional rights have been violated, however, "it is not enough for a § 1983 plaintiff merely to *identify* conduct properly attributable

---

[23] *Bd. of the Cnty. Commissioners,* 520 U.S. at 403.
[24] *Id.*
[25] *Id.* at 404.
[26] *Monell*, 436 U.S. at 698.

to the municipality."[27] Also "[a] showing of simple or even heightened negligence will not suffice."[28] Additionally, Plaintiff fails to provide any detail in support of "the municipality ha[ving] a custom or policy that constituted deliberate indifference to [her] constitutional right[s]."[29] Thus, Plaintiff's Complaint for Damages fails to impose liability upon a municipality. Therefore, all Counts against the City must be dismissed as a matter of law.

### 1. Plaintiff has failed to present a valid claim for liability under § 1983 for failure to train.

The U.S. Supreme Court has held, there are "limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983."[30] A city "is not automatically liable under section 1983 even if it inadequately trained or supervised its police officers and those officers violated [an arrestee's] constitutional rights."[31] "The Supreme Court has cautioned that the exception creating municipal liability under § 1983 for failure to train applies in only a very narrow range of circumstances, and a municipality's culpability 'is at its most tenuous where a claim turns on failure to train.'"[32] In certain circumstances, the failure to train or supervise

---

[27] *Complaint* at ¶32, *Bd. of the Cnty. Commissioners*, 520 U.S. at 403-404.

[28] *Bd. of the Cnty. Commissioners*, 520 U.S. at 407.

[29] *McDowell*, 392 F.3d at 1289.

[30] *City of Canton*, 489 U.S. at 387.

[31] *Gold,* 151 F.3d at 1350.

[32] *Mingo v. City of Mobile, Ala*., 592 Fed. Appx. 793, 800 (11th Cir. 2014) (*quoting*

police officers may constitute a "policy" upon which liability may be established against the municipality.[33] As Plaintiff does not allege any specific policy to inadequately train and municipalities rarely would have an explicit policy of inadequately training or supervising its employees, Plaintiff may prove a failure by showing a "deliberate indifference" to the rights of the citizens.[34]   It has been held that, "[i]nadequacy of police training [or supervision] may serve as basis for § 1983 municipal liability only where failure to train [or supervise] amounts to deliberate indifference to rights of persons with whom police come into contact."[35] Deliberate indifference may be established by presenting "some evidence that the municipality knew of a need to train officers and/or supervise in a particular area and the municipality made a deliberate choice not to take any action."[36]

The "deliberate indifference standard used to subject municipalities to civil liability under § 1983 is high and stringent."[37]   The Supreme Court has stated that "[i]n virtually every instance where a person has had his or her constitutional rights violated by a city employee, a § 1983, [P]laintiff will be able to point to something

---

*Connick v. Thompson*, 563 U.S. 51, 61 (2011)).
[33] *City of Canton*, 489 U.S. at 388.
[34] *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).
[35] *Id.*
[36] *Gold*, 151 F.3d at 1350.
[37] *City of Canton*, 489 U.S. at 392.

the city 'could have done' to prevent the unfortunate incident."[38] Accordingly, the Eleventh Circuit has repeatedly held that "absent notice of a need to train [or supervise] in a particular area, as a matter of law a municipality cannot be civilly liable for any failure to train [or supervise]."[39] A municipality is on notice when the need for more or different training or supervision is obvious, such as when there has been a history of widespread abuse or when the failure to train or supervise is likely to result in a constitutional violation.[40] Such circumstances do not exist here, and are unsupported by the facts plead by Plaintiff.

In *Brooks v. Scheib*, the Eleventh Circuit rejected claims of failure to train for lack of notice even though there had been ten examples of officer misconduct.[41] In *Connick v. Thompson*, the Supreme Court of the United States held that four prior examples of alleged violations were insufficient to put a municipality on notice of a need to train.[42] In *Thompson v. Sheriff, Pinellas County*, the Eleventh Circuit held that three prior examples of misconduct did not put the Sherriff on notice of a need for additional supervision such that his failure would amount to deliberate

---

[38] *Id.*

[39] *Gold,* 151 F. 3d at 1351.

[40] *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1397–98 (11th Cir. 1994); *City of Canton,* 489 U.S. at 390.

[41] *See Brooks v. Scheib et al.*, 813 F.2d 1191, 1194 (11th Cir. 1987).

[42] *See Connick*, 563 U.S. 51.

indifference.[43] Finally, in *Whitaker v. Miami-Dade County*, the United States District Court for the Southern District of Florida granted Miami-Dade County's motion to dismiss because Whitaker failed to state a viable claim for failure to train.[44] In *Whitaker*, the Plaintiff relied entirely upon four examples to establish knowledge of a need to train.[45]

Based on the clear precedent of this Circuit, Plaintiff has failed to state a viable claim for failure to train or failure to supervise. Plaintiff relies only the single incident alleged in her Complaint, where Plaintiff alleges that the City received a contempt order in 2015 regarding violations of citizens' rights to film.[46] However, Plaintiff does not allege that this contempt order evidences prior violations establishing inadequate training. Furthermore, it should not be presumed that a contempt order regarding filming rights is indicative of improper training, regarding pedestrians walking on the right of way designated for vehicular traffic. The single event referred to by Plaintiff in her Complaint does not establish a widespread practice. Thus, as matter of law all claims against the City of Atlanta should be dismissed.

### 2. Plaintiff has failed to present a valid claim for liability under §

---

[43] *See Thompson*, 542 Fed. Appx. 826 (2013).
[44] *See Whitaker*, 126 F. Supp. 3d 1313.
[45] *Id.* at 1324.
[46] *Complaint* at ¶ 37.

**1983 for any alleged act of a Final Policymaker.**

The U.S. Supreme Court has held that "Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered."[47] "The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion."[48] "The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable."[49] Here, Plaintiff alleges that Defendant Wortham was acting pursuant to "direct directions from a final City of Atlanta policy maker to the extent that they were not final policy makers themselves."[50] Plaintiff also states that by issuing an order of arrest, the police officer, "acted as a final policy maker for the City of Atlanta".[51] However, Plaintiff's allegation that City Defendant is also liable under Section 1983 for the acts of a Final Policymaker, is flawed in this matter.

It is well established that the claimant must identify a final policymaker with policy authority over the entire governmental entity at issue and whose actions

---

[47] *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–83, (1986).
[48] *Id.* (See, e.g., Oklahoma City v. Tuttle, 471 U.S., at 822–824, (1985)).
[49] *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483.
[50] *Complaint* at ¶ 38.
[51] *Complaint* at ¶ 39.

directly impacted claimant.[52] State law determines whether a particular official has final policymaker authority for § 1983 purposes.[53] "Municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."[54]

The fact that, "a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion".[55] Final Policymakers have final policy authority over the entire governmental entity and this category, as a matter of law, does not include governmental employees who report to superior authorities merely because they have any level of decision-making authority.[56] Here, Plaintiff has failed to identify a final policymaker within her complaint that is defined by the Court in *Penbaur*. Therefore, Plaintiff's claims for Municipal liability fails, and all claims against City Defendant must be dismissed.

## C. DEFENDANT WORTHAM IS ENTITLED TO OFFICIAL IMMUNITY WITH REGARD TO PLAINTIFF'S STATE LAW CLAIM

---

[52] *Grech v. Clayton Cty., Ga.,* 335 F.3d 1326, 1328 (11th Cir. 2003).
[53] *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–83, (1986).
[54] *Id.*
[55] *Id.*
[56] *Id.*

Under Georgia's official immunity doctrine, an officer may be personally liable only for ministerial acts negligently performed or discretionary acts performed with actual malice.[57] The doctrine of official immunity offers public officers and employees who are engaged in discretionary acts limited protection from suit in their personal capacity.[58] Under Georgia law, an officer:

> may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions.[59]

An official function is "any act performed within the officer's or employee's scope of authority, including both ministerial and discretionary acts."[60] Therefore, while an officer may be personally liable if he acts with negligence, actual malice, or intent to injure in the performance of a ministerial duty, an officer may only be liable for the performance of a discretionary function if he acts with malice or intent to injure.[61]

### 1. Defendant Wortham Acted in her Discretionary Capacity

---

[57] *Valades v. Uslu*, 301 Ga. App. 885, 890, 689 S.E.2d 338, 343 (2009)
[58] *Cameron v. Lang*, 274 Ga. 122, 123 (2001).
[59] O.C.G.A. §36-33-4 (emphasis added).
[60] *Gilbert v. Richardson*, 264 Ga. 744, 753 (1994).
[61] *Cameron*, at 123.

A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty.[62] A discretionary act calls for the exercise of personal judgment including examining the facts, reaching reasoned conclusions, and acting on them in a way that is not specifically directed.[63]

Here, it is clear that Defendant Wortham acted in a discretionary capacity in making the decision to arrest Plaintiff and charge Plaintiff with the violation of "Pedestrian Obstructing Traffic." The Eleventh Circuit has traditionally held that the decision to arrest is discretionary.[64] Furthermore, Plaintiff concedes the arrest was discretionary by claiming that, "Officers typically exercise their discretion not to arrest in cases of jaywalking".[65]

### 2. Defendant Wortham had Probable Cause to Arrest Plaintiff

In Georgia, a plaintiff must show the following elements to establish a claim for malicious prosecution: "(1) prosecution for a criminal offense; (2) instigated without probable cause; (3) with malice; (4) under a valid warrant, accusation or summons; (5) which has terminated favorably to the plaintiff; and (6) has caused

---

[62] *Carter v. Glenn*, 249 Ga. App. 414, 548 S.E.2d 110, 112-13 (2001).
[63] *Id.*
[64] *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1255 (11th Cir. 2010).
[65] *Complaint* at ¶ 52.

damage to the plaintiff."[66] "The gravamen of the complaint is the absence of probable cause on the part of the person instituting the prosecution."[67] Whenever a police officer has probable cause to believe that a person is committing a particular public offense, an officer may lawfully arrest him, even though the offender is engaged in protected First Amendment activity at the time of the arrest.[68]

Plaintiff was arrested and charged for breach of Atlanta Ordinance Section 150-266, which provides that, "No person shall stand or be in any street or roadway in such manner as to obstruct or impede the normal and reasonable movement of traffic."[69] The Atlanta Code of Ordinances recognizes that the City's legal obligation of ensuring pedestrian safety must be balanced with ensuring citizens First Amendment rights in public spaces and roadways.[70] Plaintiff's decision to march up the street, violating an Atlanta Code of Ordinance, gave Defendant Wortham probable cause to arrest Plaintiff.

### 3. Plaintiff is unable to show that Defendant Wortham acted with Actual Malice

---

[66] *Wal-Mart Stores, Inc. v. Blackford*, 264 Ga. 612, 613 (1994)
[67] *Id.*
[68] *See Willis v. Siegelman,* 307 F.Supp.2d 1236, 1241 (M.D.Ala.2004) (citing *Redd v. City of Enterprise,* 140 F.3d 1378, 1383 (11th Cir.1998)).
[69] Atlanta Code of Ordinances Section 150-266.
[70] Atlanta Code of Ordinances Sections 142-80 through 89.

Actual malice denotes "express malice or malice in fact," which is defined as when one acts with an actual intent to cause injury in the performance of their official duties.[71] Courts have defined "malice" as involving reckless disregard for the rights of others.[72] In *Merrow v. Hawkins*, the Georgia Supreme Court distinguished between "malice" and "actual malice," concluding that the requirement that a plaintiff show actual malice "exclude[s] any liability for injuries and damages if officers and employees act with implied malice in the performance of their official functions."[73]

Plaintiff does not contend that Defendant acted with *actual* malice. Plaintiff alleges that Defendant Wortham "initiated and maintained the arrest and prosecution of Plaintiff with malice.."[74] However, such an allegation, without more, is a mere conclusory statement and the Court does not have to accept said allegation under the Twombly/Iqbal standard. As such, *actual* malice does not exist; therefore, Defendant

---

[71] Merrow v. Hawkins, 266 Ga. 390, 392 (1996).

[72] Id.

[73] Id. Although the Court was reviewing liability of state officers and employees under the 1991 Amendment to Art. I, Sec. II, Par. IX, of the Constitution of the State of Georgia, the language limiting a state officer's or employee's liability who are performing their official duties to instances in which they act with "actual malice" or with an actual intent to cause injury is similar to O.C.G.A. §36-33-4.

[74] *Complaint* at ¶ 42.

Wortham is entitled to official immunity from Plaintiff's state law claim of Malicious Prosecution; thus Count IV of Plaintiff's Complaint must be dismissed.

### D. DEFENDANT WORTHAM IS ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[75] A defendant asserting a qualified immunity defense must first show that she was engaged in a "discretionary function" when she performed the complained-of act.[76] The burden then shifts to the plaintiff to show that the defendant is unentitled to qualified immunity.[77]

#### 1. Defendant Wortham was Acting within the Discretionary Scope of Her Employment

For the reasons stated above, Defendant Wortham, was engaged in a discretionary function when she arrested Plaintiff. Whenever a police officer has probable cause to believe that a person is committing a particular public offense, an officer may lawfully arrest him, even though the offender is engaged in protected

---

[75] *Vinyard v. Wilson,* 311 F.3d 1340, 1346 (11th Cir.2002).

[76] *Holloman v. Harland,* 370 F.3d 1252, 1263–64 (11th Cir.2004).

[77] *Id.* at 1264.

First Amendment activity at the time of the arrest.[78] Here, Plaintiff was arrested and charged with obstructing traffic.[79] Plaintiff is unable to dispute that Defendant Wortham was pursuing a job-related goal by effectuating her arrest in a safe and reasonable manner. Therefore, the conduct that Plaintiff complains of was discretionary and protected by qualified immunity.

## 2. Plaintiff Cannot Prove that Defendant Wortham Violated a Clearly Established Constitutional Right

The burden now shifts to Plaintiff to demonstrate that Defendant Wortham is not entitled to qualified immunity on the grounds that she (1) "violated a constitutional right," and (2) this right was 'clearly established' at the time of the defendant's alleged violation."[80] Plaintiff argues that she was arrested for violating Section 150-266 not because she was walking down a right of way but only because she was a member of a protest.[81]

The Eleventh Circuit has addressed analogous arguments in *Durruthy v. Pastor*.[82] In *Durruthy,* the plaintiff was arrested for violating Florida's pedestrian

---

[78] *See Willis v. Siegelman,* 307 F.Supp.2d 1236, 1241 (M.D.Ala.2004) (citing *Redd v. City of Enterprise,* 140 F.3d 1378, 1383 (11th Cir.1998)).

[79] *Complaint* at ¶ 17.

[80] *Id.*

[81] *Complaint* at ¶ 16.

[82] *Durruthy v. Pastor,* 351 F.3d 1080, 1089 (11th Cir. 2003).

in the roadway law.[83] The *Durruthy* plaintiff disputed the existence of probable cause despite the fact it was, "undisputed that Durruthy was walking in the middle of a street paved for vehicular traffic."[84] The plaintiff in *Durruthy* argued probable cause could not be found given his rights as an, "obvious member of the media acting within the scope of his journalistic duties."[85] However, the Eleventh Circuit held that the pedestrian in the roadway statute, "contains no exception for anyone, including members of the media."[86] Here, Section 150-266 provides no exceptions nor language declaring the criminal ordinance should not be enforced in certain circumstances.[87] Similarly in the instant case, Plaintiff has not alleged a clearly established constitutional right that was violated at the time of Plaintiff's arrest. Thus, the Court should determine that the individual officers are entitled to Qualified immunity.

### E. PLAINTIFF'S FOURTH AMENDMENT MALICIOUS PROSECUTION CLAIM AGAINST DEFENDANT WORTHAM IS BARRED BY IMMUNITY AND MUST BE DISMISSED

To establish a federal malicious prosecution claim under § 1983, a plaintiff must "prove a violation of his Fourth Amendment right to be free from

---

[83] *Id.*

[84] *Id.*

[85] *Id.*

[86] *Id.*

[87] *Atlanta's Code of Ordinances*, Section 150-266.

unreasonable *seizures* in addition to the elements of the common law tort of malicious prosecution."[88] Under "both federal law and Georgia law … for purposes of a § 1983 malicious prosecution claim, the constituent elements of the common law tort of malicious prosecution include: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused."[89] All of these elements must be satisfied without exception to establish the tort of malicious prosecution under Georgia law.[90] As outlined above, Plaintiff is unable to show that Defendant Wortham acted with malice and without probable cause. Therefore, the Court does not reach the third element outlined above.

Plaintiff in pleading malicious prosecution additionally alleges that Defendant, "caused the prosecution to continue based on her arrest warrant affidavit".[91] This fact, even in the light most favorable to Plaintiff, does not negate Defendant's finding of probable cause.[92] Given that probable cause existed for Plaintiff's arrest, any arrest affidavits arising from such arrest also carry said

---

[88] *Wood v. Kesler*, 323 F.3d 872, 881–82 (11th Cir. 2003) (citations omitted).
[89] *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998)
[90] *Id.*
[91] *Id.* at ¶ 24.
[92] *Durruthy v. Pastor,* 351 F.3d 1080, 1089 (11th Cir. 2003).

probable cause.[93] Therefore, Count II of Plaintiff's should be dismissed against Defendant Wortham.

### F. PLAINTIFF'S CLAIMS AGAINST JOHN DOE SHOULD BE DISMISSED BECAUSE FICTITIOUS PARTY PLEADINGS ARE NOT PERMITTED IN FEDERAL COURT

A plaintiff is permitted to file a claim against a party under a fictitious name if (a) the description of the party is sufficient to allow service of process on the party and (b) some other exceptional circumstance exists which warrants the inclusion of the fictitious name.[94] Here, Plaintiff has inadequately identified and pled a fictitious party. Plaintiff describes Officer John Doe as an unnamed employee of the City of Atlanta, who had a final policy making authority…[95] Plaintiff has failed to provide a description regarding the identity of the party, that would allow the Court or anyone else to ascertain the identity of John Doe. Further, Plaintiff's description of John Doe is improperly pled and precludes service of process on this party.

The complaint in the instant case does not identify the unknown officer with enough detail as to allow service of process upon the real party.[96] Lastly, there are

---

[93] *Wood v. Kesler*, 323 F.3d 872, 881–82 (11th Cir. 2003).
[94] *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992).
[95] *Complaint* at ¶ 3.
[96] See *Keno v. Doe*, 74 F.R.D. 587, 588 n. 2 (D.N.J.1977) ("[C]omplaint should state that the name is fictitious and provide an adequate description of some kind which is sufficient to identify the person involved so that process can be served."), aff'd without opinion, 578 F.2d 1374 (3rd Cir.1978).

no exceptional circumstances that warrant inclusion of this fictitious party. In *Dean*, the Court applied a more lenient review of the pleadings and permitted a pro se Plaintiff to join a John Doe party sufficiently identified by title. Unlike in *Dean*, Plaintiff's complaint is not subject to the more lenient review afforded to pro se litigants. Plaintiff in the instant case is represented by an Attorney. As such, this Court should dismiss all claims against John Doe.

## CONCLUSION

For the reasons stated within, Plaintiff has failed to state a claim upon which relief may be granted. Thus, City Defendants' Motion to Dismiss must be granted as a matter of law.

Respectfully submitted this 15th day of February 2022,

**BY:**

*/s/ Mohamad P. Nielsen*
**ROBERT STEINBERG**
Senior Attorney
Georgia Bar No. 6781100
Direct Dial: 404-379-5075
resteinberg@atlantaga.gov
**JACQUITA PARKS**
Assistant City Attorney II
Georgia Bar No. 205537
japarks@atlantaga.gov
**MICHAEL C. WYNTER**
Assistant City Attorney II
Georgia Bar No. 624411
mwynter@atlantaga.gov

**MOHAMAD NIELSEN**
Associate Attorney
Georgia Bar No. 840177
pnielsen@atlantaga.gov
*Attorneys for City Defendants*

City of Atlanta Department of Law
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303
Office: 404-546-4100
Fax: 404-225-5773

## CERTIFICATE OF COMPLAINCE

Pursuant to Local Rule 7.1(D), the undersigned counsel for Defendants certify that this has been prepared in Times New Roman, 14-ponit type, which is one of the font and point selections approved by the Court in Local Rule 5.1 (B).

This 15th day of February 2022

Respectfully submitted by:

*/s/ Mohamad P. Nielsen*
**MOHAMAD P. NIELSEN**
Associate Attorney
Georgia Bar No. 840177
Direct Dial: 470-681-8121
pnielsen@atlantaga.gov

City of Atlanta Department of Law
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303
Office: 404-546-4100
Fax: 404-225-5773

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**LISA BAKER,**                          )
                                         )
**Plaintiff,**                  )
                                         )          **CIVIL ACTION**
                                         )          **FILE NO: 1:21-cv-04186-CAP**
**v.**                           )
                                         )
**CITY OF ATLANTA,**                     )
**OFFICER AMANDA**                       )
**WORTHAM,**                             )
**in her individual capacity,**          )
**and**                                  )
**OFFICER JOHN DOE,**                    )
**in his individual capacity,**          )
                                         )
**Defendants.**                 )
_____)

## CERTIFICATE OF SERVICE

This is to certify that on this date, I have electronically filed the foregoing

**CITY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**AND INCORPORATED BRIEF IN SUPPORT** with the Clerk of Court using the

CM/ECF filing system, which will automatically send email notification of such

filing to all counsel of record who have registered with CM/ECF and made an

appearance in this action.

Respectfully submitted this 15th day of February 2022,

**BY:**

*/s/ Mohamad P. Nielsen*
**MOHAMAD P. NIELSEN**
Associate Attorney
Georgia Bar No. 840177
Direct Dial: 470-681-8121
pnielsen@atlantaga.gov

***Attorney for City Defendants***

City of Atlanta Department of Law
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303
Office: 404-546-4100
Fax: 404-225-5773