IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA BAKER,<br>      Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA,<br>OFFICER AMANDA WORTHAM,<br>in her individual capacity,<br>and<br>OFFICER GARY HARPER,<br>in his individual capacity<br><br>      Defendants. | CIVIL CASE NO.:<br>1:21-cv-04186 |

## **FIRST AMENDED COMPLAINT FOR DAMAGES**

COMES NOW Lisa Baker, a Plaintiff in the above styled action and files this her First Amended Complaint for Damages pursuant to Federal Rules of Civil Procedure Rule 15(a)(1)(B) as a matter of course within 21 days after the service of Defendants' Motion to Dismiss.

This is a civil rights action under 42 U.S.C. § 1983, the First, Fourth and Fourteenth Amendments to the United States Constitution and Georgia law. Lisa

1

Baker ("the Plaintiff") alleges that she was illegally and unconstitutionally detained and arrested by Defendants Officer Amanda Wortham of the City of Atlanta Police Department, and Gary Harper, and maliciously prosecuted in violation of the Fourth Amendment of the United States Constitution and Georgia law. Plaintiff also alleges that she was arrested and prosecuted in retaliation for the exercise of her First Amendment rights, and that Defendant City of Atlanta has an unconstitutional policy and practice of providing inadequate training to its officers which resulted in the false arrest and malicious prosecution that is the subject of this suit. Finally, Plaintiff alleges that a final policy maker within the City of Atlanta ordered the arrest of the Plaintiff and insisted on her prosecution as a result of Plaintiff's First Amendment protected activity.

**PARTIES**

1.

Plaintiff Lisa Baker is a resident of the State of Georgia, United States citizen, and over the age of eighteen.

2.

Defendant Amanda Wortham is an Officer employed by the City of Atlanta

Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Amanda Wortham may be served at this address. At all times relevant to this lawsuit, Defendant Amanda Wortham acted under the color of law. Defendant Amanda Wortham is sued in her individual capacity.

3.

Defendant Gary Harper is a Captain employed by the City of Atlanta Police Department who had a final policy making authority within the City in terms of directing law enforcement officers to arrest individuals at the January 6, 2021 protest subject to this lawsuit including the arrest of the Plaintiff. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Gary Harper may be served at this address. At all times relevant to this lawsuit, Defendant Gary Harper acted under the color of law. Defendant Gary Harper is sued in his individual capacity.

4.

Defendant City of Atlanta ("the City") is a political subdivision of the State

of Georgia, which has the capacity to sue and be sued. The City can be served at: 55 Trinity Ave. SW, Atlanta GA 30303. At all times relevant to this lawsuit, Defendant City of Atlanta acted under the color of law.

5.

All defendants reside in the Northern District of Georgia.

**JURISDICTION AND VENUE**

6.

This case presents a federal question and this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

7.

Under 28 U.S.C. §§ 1331 and 1343(a)(3)&(4), the Court can entertain an action to redress a deprivation of rights guaranteed by the United States Constitution, and the Court has jurisdiction under 28 U.S.C. § 1367 to hear an action to redress a deprivation of rights guaranteed by the laws and the Constitution of the State of Georgia.

8.

This Court has personal jurisdiction of the Defendants under 28 U.S.C. § 1367 and Ga. Const., art. I, § 1, ¶¶ V, XIII.

9.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) because all actions complained of occurred within the boundaries of this judicial district and Defendants reside within this district.

10.

All of the parties herein are subject to the jurisdiction of this Court.

11.

Attorney's fees are authorized under 42 U.S.C. § 1988.

## FACTUAL ALLEGATIONS

12.

On January 6, 2021 a candlelight vigil was held by a small group of people – approximately 25 in size - in the general area of Centennial Olympic Park in Atlanta, Georgia. The candlelight vigil was held in the evening hours of January 6.

The purpose of the candlelight vigil was to express disagreement with a decision not to prosecute the officer involved in the shooting of Jacob Blake.

13.

Around 9:00pm the group involved in a candlelight vigil (hereinafter referred to as "protesters") decided to march up a nearby street. At all times the protest was peaceful.

14.

Within minutes of protesters beginning to march up the street a large number of Atlanta Police appeared on the scene. An order was given almost immediately for the protesters to disperse. The protesters, however, were not given any time to disperse and in any event were only able to move in a "forward" or "backward" direction due to large buildings and structures lining up each side of the street. The police immediately surrounded protesters from both sides – such that there was nowhere the protesters were able to "disperse" to. At all times relevant to this complaint the street was devoid of any vehicular traffic. The only vehicle that may have been present in the street in question was a police vehicle and at the present

moment it is not clear whether the police vehicle was indeed present in the street in question or was instead parked in a side street, alley or parking lot, whether it was following the protesters or blocking traffic for the protesters. Discovery is needed to determine facts surrounding the role and location of the police vehicle.

15.

Around this time an order was given by Defendant Gary Harper to arrest all members of the group. Indeed approximately 23 protesters were arrested which included virtually all members of the protest group. All individuals were arrested within minutes of when they began to march.

16.

The Plaintiff was arrested because she was a part of the protest group and not because she violated any laws. More specifically Plaintiff was arrested because of her exercise of First Amendment rights by way of expressing her disagreement with the decision of not prosecuting the officer involved in the Jacob Blake shooting and engaging in a peaceful protest to express those views. The Plaintiff was not violating any laws at the time of her arrest.

17.

During the course of her arrest Plaintiff received injuries. Plaintiff was ultimately transported to City of Atlanta Jail. Plaintiff was charged with City of Atlanta Ordinance Violation of Pedestrian Obstructing Traffic.

18.

On March 03, 2021 the case against Plaintiff in the Municipal Court of Atlanta was dismissed upon the City's motion of nolle prosequi.

**COUNT I**
**42 U.S.C. § 1983: Unlawful Seizure in violation of the Fourth Amendment**
**(As to Defendants Wortham, and Gary Harper)**

19.

Paragraphs 1 through 18 are hereby re-alleged as if fully pled herein.

20.

The conduct of Defendants Wortham and Gary Harper in causing and procuring the arrest and detention of Plaintiff without arguable probable cause constituted an unreasonable seizure of her person in violation of the Fourth Amendment.

21.

The law being clearly established in 2021 that an officer of the state cannot cause someone to be arrested and prosecuted without arguable probable cause, Defendants are not entitled to qualified immunity.

**COUNT II**
**42 U.S.C. § 1983: Malicious Prosecution in violation of the Fourth Amendment**
**(As to Defendants Wortham, and Gary Harper)**

22.

Paragraphs 1 through 21 are hereby re-alleged as if fully pled herein.

23.

Defendants Wortham and Gary Harper caused a criminal prosecution to be initiated against Plaintiff for the offense of pedestrian obstructing traffic.

24.

Defendant Wortham not only caused the prosecution to be initiated, and arrest to be executed, but she caused the prosecution to continue based on her arrest warrant affidavit and police report such that Ms. Baker had to endure a criminal case which ultimately terminated in her favor. Defendant Gary Harper is

liable for said prosecution due to his ordering Defendant Wortham to initiate the arrest and prosecution.

25.

Defendants knew that there was no probable cause to support the charges against Plaintiff, but they persisted in initiating, participating in, and assisting with that prosecution despite the complete lack of probable cause.

26.

Said prosecution was based upon statements by Defendants that were either knowingly false or made with reckless disregard for the truth.

27.

Accordingly, said prosecution was carried on maliciously and without probable cause, and it was ultimately terminated in Plaintiff's favor.

28.

The law being clearly established in 2021 that an officer of the state cannot knowingly make false statements in order to cause someone to be prosecuted for an offense that is not supported by probable cause, Defendants are not entitled to

qualified immunity.

## COUNT III
## Municipal Liability
## (As to Defendant City of Atlanta)

29.

Paragraphs 1 through 28 are hereby re-alleged as if fully pled herein.

30.

Plaintiff timely gave the City ante litem notice.

31.

City of Atlanta has purchased liability insurance that provides coverage and indemnification for liability arising from the operations of the City of Atlanta Police Department and the conduct of law enforcement officers employed by the City. That policy was in effect at all times relevant to this complaint.

32.

The purchase of liability insurance constitutes a limited waiver of sovereign immunity by City of Atlanta.

33.

The City's insurer did not respond to Plaintiff's ante litem notice.

34.

During the course of their employment and while fulfilling their official duties, Officers Wortham, and Gary Harper disregarded clearly established law that a person may not be arrested or prosecuted without probable cause, said actions resulting in a false arrest and malicious prosecution, as well as retaliation for First Amendment protected activity.

35.

The City is liable for the actions of Officers Wortham, and Gary Harper under the doctrine of respondeat superior for violations of State law. Under that doctrine, the City is not entitled to present a defense of official immunity.

36.

The City is also liable under the Monell doctrine due to its failure to provide proper training and because there was a decision by a final policy maker to arrest Ms. Baker or to conduct arrests in cases such as Ms. Baker's.

37.

The City has a long history of not adequately training its officers when it comes to protecting and respecting citizens' First Amendment rights which includes violating citizens' rights to film the police that ultimately resulted in a contempt order against the City in 2015.

38.

Officers Wortham, and Gary Harper also acted pursuant to direct instructions from a final City of Atlanta policy maker to the extent that they were not final policy makers themselves.

39.

By virtue of issuing an order to a large group of officers to "arrest all members of the group" and by virtue of his rank Defendant Gary Harper acted as a final policy maker for the City of Atlanta in the incident at issue in this case.

**COUNT IV**
**O.C.G.A. § 51-7-40: Malicious Prosecution**
**(As to Defendants Wortham, and Gary Harper)**

40.

Paragraphs 1 through 39 are hereby re-alleged as if fully pled herein.

41.

Officers Wortham and Gary Harper initiated a criminal prosecution against Ms. Baker for two misdemeanor offenses, and they knew or should have known that no arguable probable cause existed to believe that Ms. Baker had violated those laws or committed any crime recognized by law.

42.

Officers Wortham and Gary Harper initiated and maintained the arrest and prosecution of Ms. Baker with malice, as interpreted under Georgia law.

43.

This criminal prosecution terminated favorably for Ms. Baker.

44.

As a result of the arrest and prosecution, Ms. Baker has suffered physical, emotional, mental and financial injury, entitling her to recover nominal, compensatory and punitive damages against Defendant Officers Wortham and Gary Harper for the loss of her rights under this claim, in an amount to be determined by the enlightened conscience of the jury.

# COUNT V
## 42 U.S.C. § 1983: First Amendment Retaliation in violation of the First Amendment
### (As to Defendants Wortham, and Gary Harper)

45.

Paragraphs 1 through 44 are hereby re-alleged as if fully pled herein.

46.

Defendants deliberately initiated and or caused arrest and prosecution against this Plaintiff because Plaintiff exercised her rights to free speech and participated in a protest. Ms. Baker was targeted for arrest because she was part of a protest. Plaintiff Baker would not have been arrested but for her exercise of her First amendment rights.

47.

Defendants' actions were meant to punish the Plaintiff for her exercise of her First Amendment rights and to prevent her from further speaking and continuing to protest by abruptly cutting her off and arresting her.

48.

The intentional actions of Defendants in falsely accusing Plaintiff of a misdemeanor crime interfered with Plaintiff's right of freedom of speech and

expression in violation of the First Amendment to the US Constitution.

49.

The law being clearly established in 2021 that an officer of the state cannot make false statements or make an arrest to retaliate against a person for their exercise of freedom of speech, Defendants are not entitled to qualified immunity.

50.

Ms. Baker alleges that she was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech or expression had not been arrested.

51.

Ms. Baker alleges that no person has been arrested for being a Pedestrian Obstructing Traffic (jaywalking) when they were not engaged in the type of protected speech Ms. Baker was engaged in.

52.

Ms. Baker further alleges that on the very same day (January 6, 2021) there was a pro Trump rally at the Georgia State Capitol. At that rally dozens of heavily armed militia were walking around the Capitol building and blocking the street

repeatedly. Yet – those individuals were not arrested or harassed by the law enforcement. That day state officials acknowledged that they knew of threats against Georgia Secretary of State Brad Raffensberger and Governor Brian Kemp. Later in the day, Chester Doles, a former KKK leader entered the State Capitol to deliver "grievances" to Raffensberger, freely walking around inside the building in search of Raffensberger. He was not arrested but was instead escorted out of the building.

53.

On December 12, 2020 police officers can be seen repeatedly fist-bumping armed militia at another pro-Trump protest at the state Capitol.

54.

The contrast between the law enforcement response towards the Georgia State Capitol protesters and Jacob Blake protesters could not be more stark (even within the span of the same day) and could only lead to a conclusion that law enforcement was (in the case of the present Plaintiff) using their powers – not for legitimate law enforcement purposes – but instead to suppress the speech of the present Plaintiff.

55.

Had Ms. Baker not been protesting Officers Wortham and Gary Harper would not have arrested her. This is evidenced by the common knowledge that officers typically exercise their discretion not to arrest in cases of jaywalking even when probable cause is present. Ms. Baker asks that the Court take judicial notice of same or allow Ms. Baker to gather evidence of such typical exercise of discretion during discovery. Ms. Baker alleges that Officer Wortham had no arguable probable cause to arrest her for any crime and nothing in this complaint should be construed as an admission or allegation that arguable probable cause existed for any crime.

56.

Retaliatory motive is further evidenced by the fact that Defendant Gary Harper ordered the arrest of all members of the group without regard for what any individual member was doing – other than that they were part of the said protest.

**DAMAGES**

57.

Paragraphs 1 through 56 are hereby re-alleged as if fully pled herein.

58.

As a direct and proximate result of the above described conduct of Defendants, Plaintiff was unreasonably and unlawfully arrested and prosecuted without probable cause and as a retaliation for exercising her First Amendment rights, was imprisoned and deprived of her liberty, was subjected to physical restraint, confinement, and mental suffering and emotional distress that is expected to continue into the future, and was forced to incur other economic and non-economic losses for which Defendants are liable to Plaintiff in an amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

59.

The aforementioned misconduct of Defendants rose to such a level of bad faith, willfulness, and reckless disregard as to authorize the imposition of punitive damages against each one of them.

60.

Plaintiff is also entitled to recover reasonable attorney's fees and expenses of litigation pursuant to 28 U.S.C. §1988.

WHEREFORE, Plaintiff demands the following:

a) That this action be tried by a jury;

b) That judgment be entered in favor of Plaintiff and against each Defendant for nominal, special, compensatory and punitive damages for each violation of the Plaintiff's constitutional rights in an amount to be determined by the enlightened conscience of fair and impartial jurors;

c) That Plaintiff be awarded attorney's fees and reasonable expenses of litigation;

e) That all costs of this action be taxed against Defendants; and

f) That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted this 1st day of March 2022.

/s/Drago Cepar, Jr.
Drago Cepar, Jr.
Georgia Bar No. 142362

1900 The Exchange, Suite 490
Atlanta, Georgia 30339
Phone: 770-940-3233
Fax: 770-874-2987
dcepar@gmail.com