IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA BAKER, et al. | |
| Plaintiffs, | |
| v. | CIVIL CASE NO.: 1:21-cv-04186-MLB |
| CITY OF ATLANTA, et al. | |
| Defendants. | |

**SECOND AMENDED (CONSOLIDATED) COMPLAINT FOR DAMAGES[1]**

COME NOW Lisa Baker, Surafel Assefa, Atlas Raymond Ursen, Cassandra

---

[1] This Complaint consolidates the following original actions into the present Complaint: <u>Rana v. City of Atlanta</u>, et al., No. 1:21-cv-4188-TWT; <u>Watchulonis v. City of Atlanta</u>, et al., No. 1:21-cv-4189-LMM; <u>Moore v. City of Atlanta</u>, et al., No. 1:21-cv-4190-ELR; <u>Hanley v. City of Atlanta</u>, et al., No. 1-21-cv-4240-ELR; <u>Schilling v. City of Atlanta</u>, et al., No. 1:21-cv-4242-MLB; <u>Peterson v. City of Atlanta</u>, et al., No. 1:21-cv-4245-JPB; <u>Green v. City of Atlanta</u>, et al., No. 1:21-cv-4246-TWT; <u>Ozubko v. Denninger</u>, et al., No. 1:21-cv-4477-WMR; <u>Marthone v. City of Atlanta</u>, et al., No. 1:21-cv-4480-TWT; <u>Ursen v. City of Atlanta</u>, et al., No. 1:21-cv-4482-SCJ; <u>Assefa v. City of Atlanta</u>, et al., No. 1:21-cv-4483-LMM; <u>Mindell v. City of Atlanta</u>, et al., No. 1:21-cv-4616-SCJ; <u>Howard v. City of Atlanta</u>, et al., No. 1:21-cv-4617-MLB; <u>Knitig v. City of Atlanta</u>, et al., No. 1:21-cv-4618-WMR; <u>Ellerbee v. City of Atlanta</u>, et al., No. 1:21-cv-4619-JPB; <u>Eichler v. City of Atlanta</u>, et al., No. 1:21-cv-4913-WMR; <u>Buford v. Saintil</u>, et al., No. 1:21-cv-4914-JPB, and <u>Kendall v. Khatib</u>, et al., No. 1:22-cv-1718-MLB.

Ellerbee, Daniel Hanley, Madeline Nichole Marthone, Siena Watchulonis, Shaheen

Rana, Mykah Knitig, Malcolm Green, John Peterson, Jessica Eichler, Heidi

Howard, Drew Mindell, Donovan Schilling, Danielle Moore, Rose Kendall, Jeffrey

Ozubko, and Timothy Buford, Plaintiffs in the above styled action and file this

their Second Amended (Consolidated) Complaint for Damages pursuant to this

Court's Order dated April 27, 2022 [Doc. 32].

This is a civil rights action under 42 U.S.C. § 1983, the First, Fourth and

Fourteenth Amendments to the United States Constitution and Georgia law. The

Plaintiffs allege that they were each illegally and unconstitutionally detained and

arrested by Defendant Officers of the City of Atlanta Police Department, as further

described below, and maliciously prosecuted in violation of the Fourth Amendment

of the United States Constitution and Georgia law. Plaintiffs also allege that they

were arrested and prosecuted in retaliation for their exercise of their First

Amendment rights, and that Defendant City of Atlanta has an unconstitutional

policy and practice of providing inadequate training to its officers which resulted in

the false arrests and malicious prosecution that is the subject of this suit. Finally,

Plaintiffs allege that a final policy maker within the City of Atlanta ordered the

2

arrests of the Plaintiffs and insisted on their prosecution as a result of Plaintiffs'
First Amendment protected activity.

**PARTIES**

1.

Plaintiffs Lisa Baker, Surafel Assefa, Atlas Raymond Ursen, Cassandra
Ellerbee, Daniel Hanley, Madeline Nichole Marthone, Siena Watchulonis, Shaheen
Rana, Mykah Knitig, Malcolm Green, John Peterson, Jessica Eichler, Heidi
Howard, Drew Mindell, Donovan Schilling, Danielle Moore, Rose Kendall, Jeffrey
Ozubko, and Timothy Buford are residents of the State of Georgia, United States
citizens, and over the age of eighteen.

2.

Defendant Amanda Wortham is an Officer employed by the City of Atlanta
Police Department. The headquarters of the City of Atlanta Police Department are
located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia.
Defendant Amanda Wortham may be served at this address. At all times relevant to
this lawsuit, Defendant Amanda Wortham acted under the color of law. Defendant
Amanda Wortham is sued in her individual capacity. Defendant Amanda Wortham

3

is sued by Plaintiff Lisa Baker.

3.

Defendant Gary Harper is a Captain employed by the City of Atlanta Police Department who had a final policy making authority within the City in terms of directing law enforcement officers to arrest individuals at the January 6, 2021 protest subject to this lawsuit including the arrests of the present Plaintiffs. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Gary Harper may be served at this address. At all times relevant to this lawsuit, Defendant Gary Harper acted under the color of law. Defendant Gary Harper is sued in his individual capacity. Defendant Gary Harper is sued by all Plaintiffs.

4.

Defendant City of Atlanta ("the City") is a political subdivision of the State of Georgia, which has the capacity to sue and be sued. The City can be served at: 55 Trinity Ave. SW, Atlanta GA 30303. At all times relevant to this lawsuit, Defendant City of Atlanta acted under the color of law. Defendant City of Atlanta is sued by all Plaintiffs except Rose Kendall, Jeffrey Ozubko, and Timothy Buford.

5.

Defendant Jean Noziere is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Jean Noziere may be served at this address. At all times relevant to this lawsuit, Defendant Jean Noziere acted under the color of law. Defendant Jean Noziere is sued in his individual capacity. Defendant Jean Noziere is sued by Plaintiffs Shaheen Rana and Madeline Nichole Marthone.

6.

Defendant Jack Wright is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Jack Wright may be served at this address. At all times relevant to this lawsuit, Defendant Jack Wright acted under the color of law. Defendant Jack Wright is sued in his individual capacity. Defendant Jack Wright is sued by Plaintiff Cassandra Ellerbee.

7.

Defendant Dwayne DeJonge is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Dwayne DeJonge may be served at this address. At all times relevant to this lawsuit, Defendant Dwayne DeJonge acted under the color of law. Defendant Dwayne DeJonge is sued in his individual capacity. Defendant Dwayne DeJonge is sued by Plaintiff Danielle Moore.

8.

Defendant Kermit Ward is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Kermit Ward may be served at this address. At all times relevant to this lawsuit, Defendant Kermit Ward acted under the color of law. Defendant Kermit Ward is sued in his individual capacity. Defendant Kermit Ward is sued by Plaintiffs Heidi Howard and Mykah Knitig.

9.

Defendant Sameeh Khatib is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Sameeh Khatib may be served at this address. At all times relevant to this lawsuit, Defendant Sameeh Khatib acted under the color of law. Defendant Sameeh Khatib is sued in his individual capacity. Defendant Sameeh Khatib is sued by Plaintiffs Rose Kendall and Jessica Eichler.

10.

Defendant William Skeens is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant William Skeens may be served at this address. At all times relevant to this lawsuit, Defendant William Skeens acted under the color of law. Defendant William Skeens is sued in his individual capacity. Defendant William Skeens is sued by Plaintiffs Rose Kendall and Jessica Eichler.

11.

Defendant Jean Noziere is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Jean Noziere may be served at this address. At all times relevant to this lawsuit, Defendant Jean Noziere acted under the color of law. Defendant Jean Noziere is sued in his individual capacity. Defendant Jean Noziere is sued by Plaintiffs Madeline Nichole Marthone and Shaheen Rana.

12.

Defendant Orrett Walker is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Orrett Walker may be served at this address. At all times relevant to this lawsuit, Defendant Orrett Walker acted under the color of law. Defendant Orrett Walker is sued in his individual capacity. Defendant Orrett Walker is sued by Plaintiff Madeline Nichole Marthone.

13.

Defendant Jasmyn Hawkins is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Jasmyn Hawkins may be served at this address. At all times relevant to this lawsuit, Defendant Jasmyn Hawkins acted under the color of law. Defendant Jasmyn Hawkins is sued in her individual capacity. Defendant Jasmyn Hawkins is sued by Plaintiff Siena Watchulonis.

14.

Defendant Luke Malskis is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Luke Malskis may be served at this address. At all times relevant to this lawsuit, Defendant Luke Malskis acted under the color of law. Defendant Luke Malskis is sued in his individual capacity. Defendant Luke Malskis is sued by Plaintiff Daniel Hanley.

15.

Defendant Kensley Gachette is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Kensley Gachette may be served at this address. At all times relevant to this lawsuit, Defendant Kensley Gachette acted under the color of law. Defendant Kensley Gachette is sued in his individual capacity. Defendant Kensley Gachette is sued by Plaintiff Donovan Schilling.

16.

Defendant Norman Faulkcon is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Norman Faulkcon may be served at this address. At all times relevant to this lawsuit, Defendant Norman Faulkcon acted under the color of law. Defendant Norman Faulkcon is sued in his individual capacity. Defendant Norman Faulkcon is sued by Plaintiff John Peterson.

17.

Defendant Cadell Stevens is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Cadell Stevens may be served at this address. At all times relevant to this lawsuit, Defendant Cadell Stevens acted under the color of law. Defendant Cadell Stevens is sued in his individual capacity. Defendant Cadell Stevens is sued by Plaintiff John Peterson.

18.

Defendant Cadeem Pritchard is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Cadeem Pritchard may be served at this address. At all times relevant to this lawsuit, Defendant Cadeem Pritchard acted under the color of law. Defendant Cadeem Pritchard is sued in his individual capacity. Defendant Cadeem Pritchard is sued by Plaintiff Malcolm Green.

19.

Defendant Trent Denninger is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Trent Denninger may be served at this address. At all times relevant to this lawsuit, Defendant Trent Denninger acted under the color of law. Defendant Trent Denninger is sued in his individual capacity. Defendant Trent Denninger is sued by Plaintiff Jeffrey Ozubko.

20.

Defendant Christian Pearson is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Christian Pearson may be served at this address. At all times relevant to this lawsuit, Defendant Christian Pearson acted under the color of law. Defendant Christian Pearson is sued in his individual capacity. Defendant Christian Pearson is sued by Plaintiff Jeffrey Ozubko.

21.

Defendant Kelsey Hogan is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Kelsey Hogan may be served at this address. At all times relevant to this lawsuit, Defendant Kelsey Hogan acted under the color of law. Defendant Kelsey Hogan is sued in his individual capacity. Defendant Kelsey Hogan is sued by Plaintiff Atlas Raymond Ursen.

22.

Defendant Jeremy Frasier is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Jeremy Frasier may be served at this address. At all times relevant to this lawsuit, Defendant Jeremy Frasier acted under the color of law. Defendant Jeremy Frasier is sued in his individual capacity. Defendant Jeremy Frasier is sued by Plaintiff Surafel Assefa.

23.

Defendant Tyler Davis is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Tyler Davis may be served at this address. At all times relevant to this lawsuit, Defendant Tyler Davis acted under the color of law. Defendant Tyler Davis is sued in his individual capacity. Defendant Tyler Davis is sued by Plaintiff Drew Mindell.

24.

Defendant Chairman Saintil is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Chairman Saintil may be served at this address. At all times relevant to this lawsuit, Defendant Chairman Saintil acted under the color of law. Defendant Chairman Saintil is sued in his individual capacity. Defendant Chairman Saintil is sued by Plaintiff Timothy Buford.

25.

All defendants reside in the Northern District of Georgia.

## JURISDICTION AND VENUE

26.

This case presents a federal question and this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

27.

Under 28 U.S.C. §§ 1331 and 1343(a)(3)&(4), the Court can entertain an action to redress a deprivation of rights guaranteed by the United States Constitution, and the Court has jurisdiction under 28 U.S.C. § 1367 to hear an action to redress a deprivation of rights guaranteed by the laws and the Constitution of the State of Georgia.

28.

This Court has personal jurisdiction of the Defendants under 28 U.S.C. § 1367 and GA. CONST., art. I, § 1, ¶¶ V, XIII.

29.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) because all actions complained of occurred within the boundaries of this judicial district and all Defendants reside within this district.

30.

All of the parties herein are subject to the jurisdiction of this Court.

31.

Attorney's fees are authorized under 42 U.S.C. § 1988.

**FACTUAL ALLEGATIONS**
**(As to all Plaintiffs and Defendants unless otherwise indicated)**

32.

On January 6, 2021 a candlelight vigil was held by a small group of people – approximately 25 in size - in the general area of Centennial Olympic Park in Atlanta, Georgia. The candlelight vigil was held in the evening hours of January 6. The purpose of the candlelight vigil was to express disagreement with a decision not to prosecute the officer involved in the shooting of Jacob Blake.

33.

Around 9:00pm the group involved in a candlelight vigil (hereinafter referred to as "protesters") decided to march up a nearby street. At all times the protest was peaceful.

34.

Within minutes of protesters beginning to march up the street a large number of Atlanta Police appeared on the scene. An order was given almost immediately for the protesters to disperse. The protesters, however, were not given any time to disperse and in any event were only able to move in a "forward" or "backward" direction due to large buildings and structures lining up each side of the street. The police immediately surrounded protesters from both sides – such that there was nowhere the protesters were able to "disperse" to. At all times relevant to this complaint the street was devoid of any vehicular traffic. The only vehicle that may have been present in the street in question was a police vehicle and at the present moment it is not clear whether the police vehicle was indeed present in the street in question or was instead parked in a side street, alley or parking lot, whether it was following the protesters or blocking traffic for the protesters. Discovery is needed

to determine facts surrounding the role and location of the police vehicle.

35.

Around this time an order was given by Defendant Gary Harper to arrest all members of the group. Indeed approximately 23 protesters were arrested which included virtually all members of the protest group. All individuals were arrested within minutes of when they began to march.

36.

The Plaintiffs were arrested because they were a part of the protest group and not because they violated any laws. More specifically Plaintiffs were arrested because of their exercise of First Amendment rights by way of expressing their disagreement with the decision of not prosecuting the officer involved in the Jacob Blake shooting, their displeasure with the police, and engaging in a peaceful protest to express those views. The Plaintiffs were not violating any laws at the time of their arrests. All Plaintiffs were arrested on the sidewalk. Plaintiff Shaheen Rana specifically alleges that she was on the sidewalk at all times and was in the process of "catching up" with the group of protesters because she was running late - only to be arrested for no apparent reason when she did catch up and join with the

group.

37.

During the course of their arrests Plaintiffs received injuries. Plaintiff Rose Kendall was knocked over to the ground and sustained an injury to her knee. Plaintiffs were discouraged from seeking medical treatment by being told by officers that being taken to Grady Hospital will prolong their detention. Despite this Plaintiffs Shaheen Rana and Madeline Marthone were transported to Grady Hospital before being transported to the City of Atlanta Jail. All Plaintiffs were ultimately transported to City of Atlanta Jail. All Plaintiffs were charged with City of Atlanta Ordinance Violation of Pedestrian Obstructing Traffic. Three of the Plaintiffs: Cassandra Ellerbee, Daniel Hanley, and Surafel Assefa were also charged with Obstruction.

38.

On March 03, 2021 the cases in the Municipal Court of Atlanta against Plaintiffs Lisa Baker, Malcolm Green, Surafel Assefa, and Timothy Buford were dismissed upon the City's motion of nolle prosequi. On April 22, 2021 the cases in the Municipal Court of Atlanta against Plaintiffs Shaheen Rana, Cassandra

Ellerbee, Danielle Moore, Heidi Howard, Jessica Eichler, Madeline Marthone, Mykah Knitig, Siena Watchulonis, Donovan Schilling, John Peterson, Jeffrey Ozubko, Atlas Ursen, Drew Mindell, and Rose Kendall were dismissed upon the City's motion of nolle prosequi. On July 07, 2021 the case in the Municipal Court of Atlanta against Plaintiff Daniel Hanley was dismissed upon the City's motion of nolle prosequi.

## COUNT I
## 42 U.S.C. § 1983: Unlawful Seizure in violation of the Fourth Amendment
### (As to all Officer Defendants)

39.

Paragraphs 1 through 38 are hereby re-alleged as if fully pled herein.

40.

The conduct of Defendant Officers in causing and procuring the arrest and detention of Plaintiffs without arguable probable cause constituted an unreasonable seizure of Plaintiffs' persons in violation of the Fourth Amendment.

41.

The law being clearly established in 2021 that an officer of the state cannot cause someone to be arrested and prosecuted without arguable probable cause,

Defendants are not entitled to qualified immunity.

## COUNT II
## 42 U.S.C. § 1983: Malicious Prosecution in violation of the Fourth Amendment
## (As to all Officer Defendants)

42.

Paragraphs 1 through 41 are hereby re-alleged as if fully pled herein.

43.

Defendants caused criminal prosecutions to be initiated against all Plaintiffs

for the offenses of pedestrian obstructing traffic, and against Plaintiffs Ellerbee,

Hanley, and Assefa for an additional offense of Obstruction.[2]

44.

Defendants not only caused prosecutions to be initiated, and arrests to be

executed, but they caused prosecutions to continue based on their arrest warrant

---

[2] As should be evident from the context of this Complaint and the fact that it consolidates nineteen different cases – the allegations are not to be read so as to imply that every Defendant initiated prosecutions against all of the Plaintiffs. Rather the allegations should be read to mean that Defendants listed under the heading of "Parties" *supra* initiated and maintained prosecutions and caused arrests to be made against their respective Plaintiffs which are listed for each Defendant.

affidavits and police reports such that Plaintiffs had to endure criminal cases which ultimately terminated in their favor. Defendant Gary Harper is liable for said prosecutions due to his ordering other Defendant Officers to initiate arrests and prosecutions.

45.

Defendants knew that there was no probable cause to support the charges against Plaintiffs, but they persisted in initiating, participating in, and assisting with those prosecutions despite the complete lack of probable cause.

46.

Said prosecutions were based upon statements by Defendants that were either knowingly false or made with reckless disregard for the truth.

47.

Accordingly, said prosecutions were carried on maliciously and without probable cause, and they were ultimately terminated in Plaintiffs' favor.

48.

The law being clearly established in 2021 that an officer of the state cannot knowingly make false statements in order to cause someone to be prosecuted for an

offense that is not supported by probable cause, Defendants are not entitled to

qualified immunity.

## COUNT III
## Municipal Liability
### (As to Defendant City of Atlanta – by all Plaintiffs except by Plaintiffs Kendall, Ozubko, and Buford)

49.

Paragraphs 1 through 48 are hereby re-alleged as if fully pled herein.

50.

All Plaintiffs except for Plaintiffs Kendall, Ozubko, and Buford, timely gave

the City ante litem notice.

51.

City of Atlanta has purchased liability insurance that provides coverage and

indemnification for liability arising from the operations of the City of Atlanta

Police Department and the conduct of law enforcement officers employed by the

City. That policy was in effect at all times relevant to this complaint.

52.

The purchase of liability insurance constitutes a limited waiver of sovereign

immunity by the City of Atlanta.

53.

The City's insurer did not respond to Plaintiffs' ante litem notices.

54.

During the course of their employment and while fulfilling their official duties, Defendant Officers disregarded clearly established law that a person may not be arrested or prosecuted without probable cause, said actions resulting in a false arrest and malicious prosecution, as well as retaliation for First Amendment protected activity.

55.

The City is liable for the actions of Defendant Officers under the doctrine of respondeat superior for violations of State law. Under that doctrine, the City is not entitled to present a defense of official immunity.

56.

The City is also liable under the Monell doctrine due to its failure to provide proper training and because there was a decision by a final policy maker to arrest all Plaintiffs or to conduct arrests in cases such as the present Plaintiffs'.

57.

The City has a long history of not adequately training its officers when it comes to protecting and respecting citizens' First Amendment rights which includes but is not limited to violating citizens' rights to film the police that ultimately resulted in a contempt order against the City in 2015. As recently as May 14, 2022 the City of Atlanta Police repeated almost identical actions that are at issue in this case where it arrested over a dozen protesters inside a public park following a peaceful protest. In their zeal to punish and scare the protesters from exercising their First Amendment rights the City of Atlanta Police Department (during the 5/14/2022 incident) even went as far as arresting random bystanders in the park simply because the officers believed they were protesters. One can only assume that those actions are about to continue in the future and that they are a result of a continuous and defined policy and practice – whether written or unwritten - to conduct retaliatory arrests with the goal to chill the exercise of First Amendment rights.

58.

Defendant Officers also acted pursuant to direct instructions from a final

City of Atlanta policy maker to the extent that they were not final policy makers

themselves.

59.

By virtue of issuing an order to a large group of officers to "arrest all

members of the group" and by virtue of his rank Defendant Gary Harper acted as a

final policy maker for the City of Atlanta in the incident at issue in this case.

**COUNT IV**
**O.C.G.A. § 51-7-40: Malicious Prosecution**
**(As to all Officer Defendants)**

60.

Paragraphs 1 through 59 are hereby re-alleged as if fully pled herein.

61.

Defendant Officers initiated criminal prosecutions against Plaintiffs for

misdemeanor offenses, and they knew or should have known that no arguable

probable cause existed to believe that any of the Plaintiffs had violated any laws or

committed any crime recognized by law.

62.

Officer Defendants initiated and maintained the arrest and prosecution of

Plaintiffs with malice, as interpreted under Georgia law.

63.

Those criminal prosecutions terminated favorably for all Plaintiffs.

64.

As a result of the arrest and prosecution, each Plaintiff has suffered physical, emotional, mental and financial injury, entitling them to recover nominal, compensatory and punitive damages against Defendant Officers for the loss of their rights under this claim, in an amount to be determined by the enlightened conscience of the jury.

**COUNT V**
**42 U.S.C. § 1983: First Amendment Retaliation in violation of the First Amendment**
**(As to all Officer Defendants)**

65.

Paragraphs 1 through 64 are hereby re-alleged as if fully pled herein.

66.

Defendants deliberately initiated and or caused arrests and prosecution against all present Plaintiffs because Plaintiffs exercised their rights to free speech and participated in a protest. Plaintiffs were targeted for arrest because they were

27

part of a protest. Plaintiffs would not have been arrested but for their exercise of their First amendment rights.

67.

Defendants' actions were meant to punish the Plaintiffs for their exercise of their First Amendment rights and to prevent them from further speaking and continuing to protest by abruptly cutting them off and arresting them.

68.

The intentional actions of Defendants in falsely accusing Plaintiffs of misdemeanor crimes interfered with Plaintiffs' rights of freedom of speech and expression in violation of the First Amendment to the US Constitution.

69.

The law being clearly established in 2021 that an officer of the state cannot make false statements or make an arrest to retaliate against a person for their exercise of freedom of speech, Defendants are not entitled to qualified immunity.

70.

Plaintiffs allege that they were arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech or expression had not

been arrested.

71.

Plaintiffs allege that no person has been arrested for being a Pedestrian Obstructing Traffic (jaywalking) when they were not engaged in the type of protected speech that the present Plaintiffs were engaged in.

72.

Plaintiffs further allege that on the very same day (January 6, 2021) there was a pro Trump rally at the Georgia State Capitol. At that rally dozens of heavily armed militia were walking around the Capitol building and blocking the street repeatedly. Yet – those individuals were not arrested or harassed by the law enforcement. That day state officials acknowledged that they knew of threats against Georgia Secretary of State Brad Raffensberger and Governor Brian Kemp. Later in the day, Chester Doles, a former KKK leader entered the State Capitol to deliver "grievances" to Raffensberger, freely walking around inside the building in search of Raffensberger.  He was not arrested but was instead escorted out of the building.

73.

On December 12, 2020 police officers can be seen repeatedly fist-bumping armed militia at another pro-Trump protest at the state Capitol.

74.

The contrast between the law enforcement response towards the Georgia State Capitol protesters and Jacob Blake protesters could not be more stark (even within the span of the same day) and could only lead to a conclusion that law enforcement was (in the case of the present Plaintiffs) using their powers – not for legitimate law enforcement purposes – but instead to suppress the speech of the present Plaintiffs.

75.

Had the present Plaintiffs not been protesting Defendant Officers would not have arrested them. This is evidenced by the common knowledge that officers typically exercise their discretion not to arrest in cases of jaywalking even when probable cause is present. The Plaintiffs in this case ask that the Court take judicial notice of same or allow Plaintiffs to gather evidence of such typical exercise of discretion during discovery. Plaintiffs allege that Defendant Officers had no

arguable probable cause to arrest them for any crime and nothing in this complaint

should be construed as an admission or allegation that arguable probable cause

existed for any crime.

76.

Retaliatory motive is further evidenced by the fact that Defendant Gary

Harper ordered the arrest of all members of the group without regard for what any

individual member was doing – other than that they were part of the said protest.

**DAMAGES**

77.

Paragraphs 1 through 76 are hereby re-alleged as if fully pled herein.

78.

As a direct and proximate result of the above described conduct of

Defendants, Plaintiffs were unreasonably and unlawfully arrested and prosecuted

without probable cause and as a retaliation for exercising their First Amendment

rights, were imprisoned and deprived of their liberty, were subjected to physical

restraint, confinement, and mental suffering and emotional distress that is expected

to continue into the future, and were forced to incur other economic and non-

economic losses for which Defendants are liable to Plaintiffs in an amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

79.

The aforementioned misconduct of Defendants rose to such a level of bad faith, willfulness, and reckless disregard as to authorize the imposition of punitive damages against each one of the Defendants.

80.

Plaintiffs are also entitled to recover reasonable attorney's fees and expenses of litigation pursuant to 28 U.S.C. §1988.

**WHEREFORE**, Plaintiffs demand the following:

a) That this action be tried by a jury;

b) That judgment be entered in favor of each Plaintiff and against each Defendant for nominal, special, compensatory and punitive damages for each violation of the Plaintiffs' constitutional rights in an amount to be determined by the enlightened conscience of fair and impartial jurors;

32

c) That Plaintiffs be awarded attorney's fees and reasonable expenses of litigation;

e) That all costs of this action be taxed against Defendants; and

f) That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted this 26th day of May 2022.

/s/Drago Cepar, Jr.
Drago Cepar, Jr.
Georgia Bar No. 142362

1900 The Exchange, Suite 490
Atlanta, Georgia 30339
Phone: 770-940-3233
Fax: 770-874-2987
dcepar@gmail.com