IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA BAKER, et al.<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY OF ATLANTA, et al.<br><br>  Defendants. | CIVIL CASE NO.:<br>1:21-cv-04186-MLB |

**PLAINTIFF'S INITIAL DISCLOSURES**

COME NOW Plaintiffs in the above captioned case and submit the following initial disclosures under FED.R.CIV.P. 26 and Local Rule 26.

**(1)** **State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

*Causes of Action*

Plaintiffs bring a claim for Unlawful Seizure in violation of the Fourth

1

Amendment under 42 U.S.C. § 1983 against all Officer Defendants, a claim for Malicious Prosecution in violation of the Fourth Amendment under 42 U.S.C. § 1983 against all Officer Defendants, a claim for Malicious Prosecution under O.C.G.A. § 51-7-40 against all Officer Defendants, and one claim for First Amendment Retaliation in violation of the First Amendment under 42 U.S.C. § 1983 against all Officer Defendants. Plaintiffs also brought claims of Municipal Liability which were dismissed by this Court. Plaintiffs also bring claims for punitive damages and attorneys' fees.

### Statement of Facts

On January 6, 2021 a candlelight vigil was held by a small group of people in the general area of Centennial Olympic Park, the purpose of which was to express disagreement with a decision not to prosecute the officer involved in the shooting of Jacob Blake. After the vigil the group decided to march up a nearby street. At all times the protest was peaceful.

Within minutes of protesters beginning to march a large number of Atlanta Police appeared on the scene. An order was given almost immediately for the protesters to disperse. The protesters, however, were not given any time to disperse

and in any event were only able to move in a "forward" or "backward" direction due to large buildings and structures lining up each side of the street. The police immediately surrounded protesters from both sides – such that there was nowhere the protesters were able to "disperse" to. At all times relevant to this complaint the street was devoid of any vehicular traffic. The only vehicle that may have been present in the street in question was a police vehicle.

 An order was given by Defendant Gary Harper to arrest all members of the group. Approximately 23 protesters were arrested which included virtually all members of the protest group. All individuals were arrested within minutes of when they began to march.

 The Plaintiffs were arrested because they were a part of the protest group and not because they violated any laws. More specifically Plaintiffs were arrested because of their exercise of First Amendment rights by way of expressing their disagreement with the decision of not prosecuting the officer involved in the Jacob Blake shooting, their displeasure with the police, and engaging in a peaceful protest to express those views.

 During the course of their arrests Plaintiffs received injuries. Plaintiffs

Shaheen Rana and Madeline Marthone were transported to Grady Hospital before being transported to the City of Atlanta Jail. All Plaintiffs were ultimately transported to City of Atlanta Jail. All Plaintiffs were charged with City of Atlanta Ordinance Violation of Pedestrian Obstructing Traffic. Three of the Plaintiffs: Cassandra Ellerbee, Daniel Hanley, and Surafel Assefa were also charged with Obstruction.

All charges against all Plaintiffs were ultimately dismissed.

***Legal Issues***

    (1) Whether Defendants unlawfully seized Plaintiffs in violation of the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983

    (2) Whether Defendants violated 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution by causing and maintaining malicious prosecution against Plaintiffs;

    (3) Whether Defendants are liable for Malicious Prosecution of the Plaintiffs under O.C.G.A. § 51-7-40

(4) whether Defendants are liable for First Amendment Retaliation in violation of the First Amendment of the United States Constitution and 42 U.S.C. § 1983

(5) whether Defendants are entitled to qualified immunity for Plaintiff's claims under 42 U.S.C. § 1983;

(6) whether Defendants are entitled to official immunity from Plaintiff's claims under state law;

(7) whether Plaintiff is entitled to recover compensatory damages, punitive damages and attorney's fees, and if so, in what amount(s).

**(2)     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

The following cases illustrate Plaintiffs' false arrest claim under 42 U.S.C. § 1983 and U.S. CONST. amend. IV: *Wilkerson v. Seymour*, 736 F.3d 974, 976 (11th Cir. 2013); *Anderson v. City of Naples*, 501 F. App'x 910, 916-17 (11th Cir. 2012); *Willis v. Siegelman*, 307 F. Supp. 2d 1236, 1242 (M.D. Ala. 2004); *Gibson v. City of Greenville*, CIV.A. 2:08CV127-SRW, 2010 WL 434717 (M.D. Ala. Feb. 2,

2010); *Sheth v. Webster*, 145 F.3d 1231, 1238 (11th Cir. 1998); *Merenda v. Tabor*, 506 F. App'x 862 (11th Cir. 2013).

The following cases illustrate Plaintiffs' malicious prosecution claim under 42 U.S.C. § 1983 and U.S. CONST. amend. IV: *Kingsland v. City of Miami,* 382 F.3d 1220, 1229 (11th Cir. 2004); *Franks v. Delaware*, 438 U.S. 154 (1978); *Daniels v. Bango*, 487 F. App'x 532 (11th Cir, 2012); *Cozzi v. City of Birmingham,* 892 F.3d 1288, 1297 (11th Cir. 2018);  *Kjellsen v. Mills*, 517 F.3d 1232, 1237 (11th Cir. 2008); *Wood v. Kesler*, 323 F.3d 872, 881–82 (11th Cir. 2003).

The following cases illustrate Plaintiffs' first amendment retaliation claim under 42 U.S.C. § 1983 and U.S. CONST. amend. I; *Lozman v. City of Riviera Beach*, 138 S. Ct. 1945, 201 L.Ed.2d 342 (2018); *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019).

**(3)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

**(4)      Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

Plaintiffs do not at this time anticipate the use of an expert witness but reserve the right to supplement this disclosure.

**(5)      Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C.

> **(6)** **In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

The categories of damages included within the scope of Plaintiffs' complaint are: (a) nominal, general, presumed, compensatory, and special damages, including damages for psychological and physical pain and suffering, lost wages, reputational harm, humiliation; (b) punitive damages; and (c) attorney's fees under 42 U.S.C. §1988.

> **(7)** **Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a**

**judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

All insurance agreements are in the possession of Defendants.

**(8)     Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.**

No such persons or entities exist.

Respectfully submitted, this 9th day of June, 2023.

/s/Drago Cepar, Jr.
Drago Cepar, Jr.
Georgia Bar No. 142362

1900 The Exchange
Suite 490
Atlanta, Georgia 30339
Phone: 770-940-3233
Fax: 770-874-2987
dcepar@gmail.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

/s/ Drago Cepar, Jr.<br>
Drago Cepar, Jr.

**Attachment A – Plaintiff's Witness List**

| Name: | Contact information: | Information Known to Witness: |
|---|---|---|
| All Plaintiffs | Contact Plaintiff's attorney | All facts and allegations contained within Plaintiffs' complaint |
| All Defendants | City of Atlanta Police Department 226 Peachtree St SW, Atlanta GA 30303 | Circumstances surrounding Plaintiffs' arrests and investigation |
| Michael Watchulonis | Phone: 770 402 9691 | Circumstances surrounding Plaintiffs' arrests |

Plaintiffs incorporates any witnesses identified by Defendants, or whose names are made known through the course of discovery. Plaintiffs reserve the right to amend this list of witnesses through the course of discovery.

## Attachment C – Plaintiff's Document List

| Description of Document: | Party in Possession of Document: | Information contained within Document: |
|---|---|---|
| Police reports | City of Atlanta Police Department, Plaintiff | Arresting officers' narrative of events leading to Plaintiffs' arrests. |
| Nolle Prosequi Orders | City of Atlanta Municipal Court | Dispositions of Charges |
| Various videos depicting Plaintiffs during the time of arrests and generally the events on the day in question | Contact Plaintiffs' Attorney (Plaintiffs are in possession of some of the videos and are in the process of collecting more videos from third parties. Plaintiffs will produce those videos at a mutually agreeable time and in a mutually agreeable format) | Depicts Plaintiffs' and officers' actions during the time of arrest |

Plaintiffs reserve the right to supplement this document list, and further incorporate any documents identified by Defendants, or whose existence is made known to the parties during the course of discovery. Plaintiffs reserve the right to amend this list of documents through the course of discovery.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA BAKER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ATLANTA, et al.<br><br>Defendants. | CIVIL CASE NO.:<br>1:21-cv-04186-MLB |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing INITIAL DISCLOSURES upon all parties by electronic filing through the CM/ECF system in accordance with the United States District Court rules upon:

13

| | |
|---|---|
| Karen E. Woodward<br>Edward B. Greenblat<br>Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP<br>Meridian II, Suite 2000 275 Scientific Drive<br>Peachtree Corners, GA 30092<br>(*Attorneys for Defendants Dejonge, Denninger, Frasier, Hogan, Malskis, Noziere, Pearson, and Walker*) | R. David Ware, Esq.<br>HALL BOOTH SMITH, P.C.<br>191 Peachtree Street, N.E., Ste 2900<br>Atlanta, Georgia 30303<br>(*Attorneys for City of Atlanta*) |
| Chris Balch<br>BALCH LAW GROUP<br>830 Glenwood Avenue<br>Suite 510-220<br>Atlanta, GA 30316<br>(*Attorneys for Defendant Harper*) | Thomas M. Mitchell<br>Mary T. Minter<br>CAROTHERS & MITCHELL, LLC<br>1809 Buford Highway<br>Buford, GA  30518<br>(*Attorneys for Defendants Wortham, Wright, Ward, Khatib, Skeens, Hawkins, Faulkon, Stevens, Pritchard, Gachette, Davis and Saintil*) |

This 9th day of June, 2023.

s/Drago Cepar, Jr.
Drago Cepar, Jr.
Georgia Bar No. 142362
